NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CAMILO HERNANDO GOMEZ-
CEPEDA; INGRID ESTEFANIA
PARRADO-MORENO; JOEL MATIAS
GOMEZ-PARRADO,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-262

Agency Nos.
A220-782-373
A220-782-397
A220-782-398

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2025[**]
Pasadena, California

Before: CLIFTON, IKUTA, and CHRISTEN, Circuit Judges.

Camilo Gomez Cepeda, Ingrid Parrado Moreno, and their minor child, Joel

Gomez Parrado (collectively, Petitioners), natives and citizens of Colombia, seek

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review of a Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we review the BIA's legal conclusions *de novo* and factual findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020). We deny the petition for review.

1. To properly raise an issue before this court, the Petitioners' argument must contain their "contentions and the reasons for them, with citations to the authorities and parts of the record on which the [petitioner] relies." Fed. R. App. P. 28(a)(8)(A). "Issues raised in a brief that are not supported by argument are deemed abandoned." *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). The court is not required to "manufacture arguments" on behalf of litigants. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)). Petitioners' brief mentions social distinction only in its summary of argument and in an argument heading, without any further discussion. Because Petitioners fail to support their assertion that their PSG is socially distinct with any argument or citation to authorities, they have forfeited that dispositive issue. Accordingly, we deny the petition for review of the order denying Petitioners' applications for

asylum and withholding of removal.

2. To be eligible for protection under CAT, a petitioner must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013). This court "must uphold the IJ's conclusion that [the petitioner] did not establish a reasonable fear of torture unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016) (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)).

Petitioners argue that both their past harms and the country reports in the record support a finding that they are more likely than not to be tortured if removed to Colombia. Both arguments fail. Ineffective police investigations and crime prevention do not equate to acquiescence of public officials in torture. *Id*. Substantial evidence in the record supports the finding that the Colombian police investigated the crimes that Petitioners reported and only stopped when there were no new leads. Country conditions that speak to general violence do not "compel a conclusion that petitioner[s] will more likely than not be subjected to violence" if they are removed. *See Dawson v. Garland*, 998 F.3d 876, 885 (9th Cir. 2021). While the country reports in the record describe generalized violence in Colombia, they do not mention any particularized risks of violence to Petitioners, nor do they

establish that the Colombian government is complicit in the violence it attempts to combat. Because Petitioners failed to establish that the Colombian government is unwilling or unable to protect them from torture, their request for protection under CAT fails.

**PETITION DENIED**.